1  SEYFARTH SHAW LLP
   Catherine Dacre (SBN 141988)
2  E-mail: cdacre@seyfarth.com
   Emily E. Barker (SBN 275166)
3  E-mail: ebarker@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California 94105
   Telephone: (415) 397-2823
5  Facsimile: (415) 397-8549

6  MORRIS POLICH & PURDY LLP
   Scott A. Freedman (SBN 128740)
7  E-mail: sfreedman@mpplaw.com
   1055 W. Seventh Street, 24th Floor
8  Los Angeles, California 90017
   Telephone: (213) 891-9100
9  Facsimile: (213) 488-1178

10 Attorneys for Defendant
   IPC INTERNATIONAL CORPORATION
11

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14 | LESLIE STANO, BENNY SHU, | Case No. SACV12-88 DOC (RNBx) |
   | MARIO GUERRERO, MARY |   |
15 | CARMONA (ROUSSE), individually, | **DEFENDANT'S MOTION TO** |
   | and on behalf of all others similarly | **STRIKE PORTIONS OF** |
16 | situated; | **PLAINTIFFS' EVIDENCE** |
   |  | **SUBMITTED IN SUPPORT OF** |
17 | Plaintiffs, | **MOTION FOR CLASS** |
   |  | **CERTIFICATION** |
18 | v. |  |
   |  | DATE:    November 5, 2012 |
19 | IPC INTERNATIONAL | TIME:    8:30 A.M. |
   | CORPORATION, WHICH WILL DO | JUDGE:   DAVID O. CARTER |
20 | BUSINESS IN CALIFORNIA AS | CRTRM.:  9-D |
   | ILLINOIS PROTECTION |  |
21 | CORPORATION, a California | Complaint Filed: November 8, 2011 |
   | corporation; IPC INTERNATIONAL |  |
22 | CORPORATION, an Illinois |  |
   | Corporation; and DOES 1 through 20, |  |
23 | Inclusive, |  |
   |  |  |
24 | Defendants. |  |

25
26
27
28

## I. BACKGROUND

On February 9, 2012, Plaintiffs sought *ex parte* relief from the 90-day requirement to file a class certification motion under Civil Local Rule 23-3. (Docket No. 11.) This Court granted Plaintiffs' application on February 12, 2012 and indicated that it would set the deadline to file class certification motions at the upcoming scheduling conference. (Docket No. 17.)

On March 19, 2012, Plaintiffs served their Rule 26 disclosures. (Declaration of Catherine Dacre ("Dacre Decl.") at ¶ 3, Ex. CD-1 ("Pl. Disc.") Plaintiffs' disclosures did not identify Ron Booth as a person with discoverable information regarding Plaintiffs' claims. (Pl. Disc. at 2-4.) Notably, Plaintiffs have never supplemented their Rule 26 disclosures. (Dacre Decl. ¶ 3)

On April 10, 2012, during the scheduling conference, this Court set the class certification hearing for November 5, 2012 - **making the last date to file any class certification motion October 5, 2012**. (Docket No. 22.) Despite being well-aware of this deadline, Plaintiffs filed the vast majority of the documents (25/27) supporting their class certification motion on October 6, 2012. (Docket Nos. 35, 36, & 37.) Specifically, the late-filed documents were as follows:

1. Declaration of Rana S. Ziaee (Docket No. 35.)
2. Declaration of Benny Shu (Docket No. 35-1.)
3. Declaration of Mario Guerrero (Docket No. 35-2.)
4. Declaration of Ron Booth (Docket No. 35-3.)
5. Declaration of Laura Mathis (Docket No. 35-4.)
6. Declaration of Nina Kani and **Exhibits A-R** (Docket No. 36.)
7. Request for Judicial Notice (Docket No. 37.)

In addition to being late, the Declaration of Plaintiff Mario Guerrero directly contradicts his deposition testimony on the topic of being forced to complete his Daily Activity Reports ("DARs") "off the clock." Guerrero's declaration contains the claim that his supervisor forced him to complete his DARs off the clock.

(Guerrero Decl. at ¶ 30.) However, in his deposition, Guerrero testifies that he completed his DARs before clocking out. (Dacre Decl. ¶ 4, Ex. CD-2, ("Guerrero Depo.") at 64:1-21 [finished DAR before clocking out], 66:15-18[no times where he had to clock out and continue work], 77:6-18[supervisor would tell him to finish DAR and then clock out].)

Defendant requests that the Court strike all of these documents. As set forth below, the Court should not consider the above-referenced documents because Plaintiffs failed to comply with their discovery obligations and blatantly violated this Court's Civil Local Rules by filing almost all of their evidence to support their class certification motion late-- even after they sought and obtained a substantial extension to file their class certification motion. In addition, the Court should not consider declarations to the extent that they contradict prior deposition testimony.

## II.   ARGUMENT

### A.   The Court Should Strike Plaintiffs' Declarations From Witnesses Who Were Not Identified In Plaintiffs' Rule 26 Disclosures.

Parties must disclose the identity and contact information of persons that have discoverable information that the party may use to support its claims. Fed. R. Civ. P. 26(a)(1)(A)(i). Parties also have a duty to supplement these disclosures in a timely manner upon learning that the disclosure is incomplete in some material respect. *Id.* at Rule 26(e). If a party fails to disclose the identity of a witness in their disclosures and does not supplement their disclosures with the identity of the witness, that party cannot use that witness to supply evidence for a motion. *Id.* Rule 37 (c)(1). This rule applies to motions for class certification. *See Brown v. Wal-Mart Stores, Inc.*, 2012 WL 3672957, *2-3 (N.D. Cal. 2012); *Avilez v. Pinkerton Government Services*, No. 11-0493, slip op. at 9 (C.D. Cal. Oct. 9, 2012).

Plaintiffs failed to identify Ron Booth as a witness that they may use to support their claims in their Rule 26 disclosures. (Pl. Disc. at pp. 2-4.) To date,

they have not supplemented their disclosures. (Dacre Decl. at ¶ 3) Plaintiffs have not and cannot justify their failure. Therefore, the Court should strike Booth's declaration as a sanction under Rule 37(c)(1).

### B. The Court Should Strike Plaintiffs' Late-Filed Declarations.

Electronically-filed documents in support of a motion must be filed by midnight on the date they are due. *See* Civ. L.R. 5-4.6.1. Failure to comply with this requirement subjects the party to sanctions. *Id.* at L.R. 7-13 and 83-7(c). The Court may decline to consider any document not filed by order or local rule. *Id.* at L.R. 7-12. Failure to file any required documents within the deadline may also be deemed consent to granting or denying the motion. *Id.*

Plaintiffs filed the vast majority of the evidence supporting their motion late. Absolutely no justification exists for Plaintiff's failure to file their documents in a timely manner. Plaintiffs sought and obtained relief from the 90-day deadline to bring class certification issues before the Court in February 2012. (Docket Nos. 11, 17.) On April 10, 2012, this Court gave Plaintiffs a substantial extension until October 5, 2012. (Docket No. 22 [setting the hearing date for November 5, 2012].) But Plaintiffs filed **twenty-five of the twenty-seven evidentiary documents** supporting their motion late. The Court should not condone Plaintiffs' casual and nonchalant approach to obeying this Court's deadlines, orders, and Local Rules. Therefore, the Court should strike all of Plaintiffs' late-filed documents.

### C. The Court Should Strike Mario Guerrero's Declaration Because It Blatantly Contradicts His Deposition Testimony.

When a party has given clear answers to unambiguous questions, that party cannot submit an affidavit that merely contradicts, without explanation, previously given clear testimony. *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

Plaintiff Guerrero's declaration demonstratively contradicts his deposition testimony. In his declaration, Guerrero states that his supervisors required him to

4

clock out before completing his Daily Activity Reports ("DARs"). (Guerrero Decl. at ¶ 30.) But in his deposition he testifies multiple times that he had to finish his DARs before clocking out. (Guerrero Depo. at 64:1-21, 66:15-18, 77:6-18.) Therefore, the Court should not consider Guerrero's declaration.

### III. CONCLUSION

Plaintiffs have disregarded the Local Rules, this Court's Orders, and their discovery obligations. They have also presented demonstratively false declarations. The Court should not allow Plaintiffs to benefit from their inappropriate behavior by considering these documents. Based on the foregoing, Defendant respectfully requests that the court strike Plaintiffs' evidence as set forth above.

DATED: October 15, 2012                SEYFARTH SHAW LLP


By    /s/ Catherine M. Dacre
      Catherine M. Dacre
      Emily E. Barker
      Attorneys for Defendant
      IPC International Corporation

14922024v.1