Nina Kani (Bar No. 221652)
nkani@kanilaw.com
**KANI LAW GROUP**
895 Dove Street, Suite 300
Newport Beach, CA 92660
Tel: (949) 955-4994

Rana S. Ziaee (Bar No. 226238)
rsz@zlplc.com
**ZIAEE LAW**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Tel: (949) 544-1260
Fax: (949) 544-1269

Attorneys for Plaintiffs and Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE STANO, BENNY SHU, MARIO GUERRERO, MARY CARMONA (ROUSSE), individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>IPC INTERNATIONAL CORPORATION, WHICH WILL DO BUSINESS IN CALIFORNIA AS ILLINOIS PROTECTION CORPORATION, a California corporation; IPC INTERNATIONAL CORPORATION, an Illinois Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: SACV12-00088 DOC (RNBx)<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COMPENDIUM OF DECLARATIONS**<br><br>Date:        November 5, 2012<br>Time:       8:30 a.m.<br>Courtroom: 9D<br>Judge:      David O. Carter. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY

Defendant has known about Plaintiffs' filing of a Motion for Class Certification for months. In addition, it has known about the identity of its witnesses, including its own current employees. Yet Defendant did not fully supplement its disclosures until just two days prior to the deadline for filing Plaintiffs' Motion for Class Certification. In addition to being untimely, Defendant's disclosures are patently improper because ***they do not include any contact information*** whatsoever. By failing to disclose contact information, Defendant has denied Plaintiffs the opportunity to investigate their statements. Defendant should not be permitted to refuse disclosure of employee contact information, and turn around to use their declarations to oppose certification. On that basis, Defendant's Compendium of Declarations, containing thirty-three employee declarations, should be stricken. Allowing Defendant to do so would make a mockery of the very purpose of Rule 26(e).

## II. FACTUAL BACKGROUND

On March 9, 2012, Plaintiffs served Defendant with Requests for Production of Documents, seeking, among other things, "All DOCUMENTS that contain the contact information of COVERED EMPLOYEES (including last known addresses, e-mail addresses, and telephone number)." (Reply Kani Decl. ¶8.) Defendant objected to these requests on the grounds that it would not provide information regarding putative class members. (Id. at ¶11; Exh. D.) On March 19, 2012, Defendant served Initial Disclosures, but did not provide any names of putative class members as potential witnesses. (Id. at ¶9, Exh. C.) Defendant was aware that Plaintiffs intended to file a Motion for Class Certification as early as April 10, 2012, but did not submit Supplemental Disclosures until September 26, 2012, and then again on October 3, 2012, ***two days before Plaintiffs' filed their Motion for Class Certification***. (Id. at ¶¶10, 13-15.) On October 3rd, Defendant has submitted thirty-three total declarations, all of which are included in its Compendium of Declarations. (Id. at ¶15.) None of the declarations

provide contact information of any kind and neither do Defendant's supplemental disclosures. (Id. at ¶¶13-15). Defendant has not provided any contact information for any putative class member at any other time in the case. (Id. at ¶17).

### III. LEGAL ARGUMENT

#### A. DEFENDANT'S COMPENDIUM OF DECLARATIONS SHOULD BE STRICKEN

##### i. DEFENDANT HAS NOT DISCLOSED EMPLOYEE DECLARANTS' CONTACT INFORMATION IN INITIAL DISCLOSURES OR OTHERWISE

A party who has complied with early disclosure requirements or who has responded to discovery demands from opposing parties is under a duty to supplement or correct the disclosure or discovery response to include information later acquired. (Fed. R. Civ. P. 26(e)). The duty to disclose witness information is specific – it must include the witness' name and, if known, ***contact information***, including home address and telephone number. Fed. R. Civ. P. 26(a)(1)(A). The purpose of this requirement is to give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation, for purposes of being interviewed or deposed or for doing background investigation. Fed. R. Civ. P. 26(a)(1)(A); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001) (citations omitted); *See, also*, *Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 50 Fed. R. Serv. 3d 1341 (D. Mass. 2001).

Federal Rules of Civil Procedure 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless . . ." Fed. R. Civ. P. 37(c)(1); see, also, *Yeti by Molly, Ltd. ,* 259 F.3d at 1106.

Defendant did not satisfy its initial disclosure obligation because it has never disclosed ***any contact information whatsoever*** for any of the witnesses whose statements appear in the Compendium of Declarations. (Reply Kani Decl. at ¶¶ 13-15, 17.) Failure

to disclose contact information for the witnesses is grounds for exclusion of the evidence. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir., 2001) (citations omitted); *Avilez v. Pinkerton Government Services*, No. 11-0493, slip op. at 9 (C.D. Cal., October 9, 2012).

Certainly, Plaintiffs have been prejudiced by Defendant's non-disclosure. Defendant has deprived Plaintiffs of the very purpose of such disclosures – i.e., to afford opposing g parties the opportunity to conduct any investigation regarding the viability of the declarations, including their voracity, whether they were appropriately obtained, whether there was any duress or coercion by the employer and/or the credibility of the statements. Indeed, the purpose of the Federal Rules is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence. *See, ATD Corp. v. Lydall* (Fed. Cir. 1998) 159 F3d 534, 550–551; *Royalty Petroleum Co. v. Arkla, Inc.*, 129 FRD 674, 678 (W.D. OK 1990) (supplemental responses on eve of trial would amount to "trial by ambush.")[1] This court should exclude the Compendium of Declarations as a sanction for Defendant's failure to disclose contact information.

That the contact information at issue is for ***employee*** witnesses does not excuse Defendant's duty to disclose. In the precise the context of wage and hour class actions, employers' failure to disclose contact information, has resulted in exclusion of the employee declarations. Indeed, in *Avilez, supra,* this very Court excluded Defendant's expert's survey of 30 employees because "neither the expert nor the employee declarants' names or contact information were produced in Defendant's Initial or Supplemental Disclosures." *Avilez vs. Pinkerton Stores, Inc*., 2012 WL 3672957 (slip op. at 9 (C.D. Cal. October 9, 20120). In fact, numerous courts hold that providing business address and/or telephone numbers is not enough, and that personal contact information is necessary to satisfy the duty to disclose contact information. See, Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(II)-C, citing*, Thurby v. Encore Receivable Management,*

---

[1] Although it is Defendant's burden, Defendant has not offered any basis for "substantial justification excuse or harmless error" in failing to disclose the contact information. *Yeti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir.2001).

*Inc.*, 251 F.R.D. 620 (D. Colo. 2008) (Defendant failed to meet its initial disclosure obligation when it only provided employee names, business address and work telephone number. The rule required "disclosure also of personal home addresses, home telephone numbers, and cellular telephone numbers so that plaintiff could contact these witnesses to conduct background investigations"); *See, also, Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 (N.D.Cal.,2008) (disclosure of employee work address and telephone number alone insufficient by defendant employer); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D.Kan.1996) (ordering disclosure of personal contact information of employees, and ruling that a party may not satisfy its Rule 26(a)(1) obligations simply "by disclosing its business address and phone number, unless it knows of no other address and number.")[2]  Here, Defendant's disclosures are clearly defective because they contain no contact information of any kind, personal or otherwise.

Neither can Defendant claim the right to privacy for not disclosing the contact information of ***the thirty-three witnesses included in the Compendium***. Certainly, there was no judicial requirement that those witnesses provide statements or otherwise participate in this case. They, presumably, did so voluntarily.[3] By doing so, however, they invariably gave up whatever rights to privacy in their identity may have existed. Fed. R. Civ. P. 26(a)(1)(A).

To be sure, Plaintiffs concede that the issue of whether Plaintiffs have the right to contact information for the ***putative class as whole*** is now before the Special Master. However, there is no basis whatsoever for Defendants' failure to disclose the contact information of employees who voluntarily injected themselves in the case by submitting supporting declarations for their employer. Indeed, if these employees were so concerned

---

[2] See, also, *Biltrite Corp. v. World Road Markings, Inc.,* 202 F.R.D. 359, 362 (D.Mass.2001); *Viveros v. Nationwide Janitorial Ass'n*, 200 F.R.D. 681, 683-84 (N.D.Ga.2000); *Chalick v. Cooper Hosp./Univ. Med. Ctr.*, 192 F.R.D. 145, 150 (D.N.J.2000).

[3] The Declarations uniformly state that the declarant has been told: "I do not have to provide this declaration and that whether I choose to do so or not, the decision will not affect my employment status." (See Def's. Compendium of Evidence, Exhs. 3-33 at ¶1, Doc. 31). Plaintiffs did not have the opportunity to investigate these statements, however, and have therefore no way of knowing whether they were under any duress or coercion by the employer.

about their privacy interest to their identity and/or contact information (which defendant has claimed, but which Plaintiffs dispute is private in the first instance), they did not have to submit declarations to oppose Plaintiffs' Motion for Class Certification.  Because these thirty-three employees have purposely thrust themselves as witnesses in the case, Plaintiffs had every right to contact them and inquire about their knowledge.  Fed. R. Civ. P. 26(a)(1)(A); *Avilez, supra,* at 9, *Thurby , supra,* 251 F.R.D. at 622.  Defendant's failure to disclose the contact information of the thirty-three declarations submitted in Defendant's Compendium of Evidence should therefore be stricken.

### ii.   DEFENDANT'S DISCLOSURE OF WITNESS NAMES WAS UNTIMELY

Defendant chose to wait until two days prior to Plaintiffs' filing of a Motion for Class Certification to disclose thirty-three declarations it intended to use in opposing Plaintiffs' motion.  (Reply Kani Dec. ¶15.)  All of the declarations in Defendant's Compendium are of current employees, and therefore their identities were known to Defendant since the filing of this case.  (Id.)  Yet Defendant chose to wait until the 11th hour to serve Plaintiffs with their names.  Plaintiffs certainly had no time to investigate the statements provided by Defendant (nor could they, given the lack of contact information, see section A(i) above), and Defendant knew it.  Under the circumstances, Defendant's supplemental disclosure are untimely.  *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (rules of discovery make a trial less a game of blind man's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."); *Hanger Prosthetics & Orthotics, Inc.*, 2008 U.S. Dist. LEXI 91373 at * (formal disclosures are not pointless) (quotation and citation omitted); *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 654 (C.D. Cal. 2007) (Rule 26 is intended to eliminate unfair surprise) (citations and quotations omitted).

//

//

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs seek an order granting Plaintiffs' Motion to Strike Defendant's Compendium of Declarations.

DATED: October 22, 2012          By: _____

**KANI LAW GROUP**
  Nina Kani (Bar No. 221652)
895 Newport Center Drive, Suite 300
Newport Beach, CA 92660

**ZIAEE LAW**
  Rana S. Ziaee (Bar No. 226238)
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660

Attorneys for Plaintiffs and Putative Class